IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jovan Cornelius Simon, # 25282-171, ) | CIVIL ACTION NO. 9:13-3025-RMG-BM |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION**\ |
| L/CPL Kevin Paige, SCHP; Trooper Bucky ) Geddings, SCHP; L/Cpl Mark Jennings, ) SCHP; and Agent H. Eric Cohoon, ATF; ) | |
| Defendants. ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Construed liberally, Plaintiff alleges that the named Defendants violated his constitutional rights during the course of his arrest on May 9, 2013.[1]

On February 11, 2014 the Clerk of Court was directed to issue the summons and to forward copies of the summons, the Complaint, and the Forms USM-285 to the United States Marshall for service of process upon several Defendants, including the named Kevin Paige. See

---

[1] While the allegations of Plaintiff's Complaint could also be liberally construed to have asserted state law tort claims, Plaintiff has failed to name a proper party for asserting such a claim under the South Carolina Tort Claims Act. See S.C. Code Ann. § 15-78-10, et. seq. Further, even if Plaintiff had named a proper party Defendant for assertion of a state law tort claim (which in this case could have been the South Carolina Department of Public Safety), that Defendant would have had enjoyed Eleventh Amendment immunity from suit in federal court. See S.C. Code Ann. § 15-78-20(e) [Nothing in this chapter is construed as a waiver of the state's . . . immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States . . . ."]. Therefore, if Plaintiff wishes to pursue a state law tort claim for any actions of the state Defendants, he must do so in state court.



1

Court Docket No. 17.  On March 26, 2014, the Defendant Paige filed a Rule 12 Motion to Dismiss, asserting failure of the Plaintiff to set forth facts sufficient to state causes of action upon which relief can be granted.  Defendant Paige's motion should be denied.

Plaintiff alleges in his Complaint, as amended, that on May 9, 2013 he was arrested by the Defendant Geddings, who was assisted by Defendants Jennings and Paige.  Plaintiff alleges that Paige was asked to transport him to the Horry County Detention Center, and that he was put into Paige's cruiser in the front seat with his hands cuffed behind his back.  Plaintiff alleges that he asked the Defendant Paige to allow him to use his inhaler, but his request was denied.  Plaintiff further alleges that, while en route to the Detention Center, Paige was texting on his cell phone and as they approached the entrance to the Detention Center, Paige ran into a metal pole.  Plaintiff alleges that he suffered a whiplash injury as a result of this incident, but that the Defendant Paige quickly reversed the cruiser away from the pole and drove on into the sally port of the Detention Center, and thereafter hurriedly hustled Plaintiff inside and turned him over to Detention Center staff, ignoring Plaintiff's well being.  Plaintiff alleges that the Detention Center staff could see he was disoriented, but that when he told them about the collision and that Plaintiff had hurt his neck, Plaintiff was told that he should have said something before Paige left.  Plaintiff was then seen by medical staff at the Detention Center.  Plaintiff seeks monetary damages for pain and suffering and for possible future medical treatment, as well as punitive damages.

Liberally construed, these allegations for sufficient to set forth a plausible claim of deliberate indifference on the part of the Defendant Paige.  <u>Levy v. State of Ill. Dept. of Corrections</u>, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference . . . if he or she 'knows of and disregards' an excessive risk to inmate health or



safety.'"], quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Ashcroft v. Iqbal,</u> 129 S.Ct. 1937, 1949 (2009)[Motion to dismiss can be granted only if the Plaintiff has failed to set forth sufficient factual matters in the Complaint to state a plausible claim for relief "on its face"]; <u>cf</u>. <u>Veney v. Wyche</u>, 293 F.3d 726, 730 (4th Cir. 2002)["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing <u>Harrison v. United Postal Service</u>, 840 F.2d 1149, 1152 (4th Cir. 1988); <u>see</u> <u>also</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) [A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations; rather, the factual allegations must only be enough to raise a right to relief above the speculative level]; <u>Slade v. Hampton Roads Regional Jail</u>, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"].

   Therefore, it is recommended that the Defendant Paige's motion to dismiss be **denied**.[2]

   The parties are also referred to the Notice Page attached hereto.

_____
April 14, 2014           Bristow Marchant
Charleston, South Carolina     United States Magistrate Judge

---

  [2]In the event that the District Judge does not adopt the Report and Recommendation, a <u>Roseboro</u> order should be issued prior to entry of any final order dismissing the Defendant.

3



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

4

