# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jovan Cornelius Simon, | ) | |
| | ) | |
| Plaintiff, | ) | No. 9:13-cv-3025-RMG-BM |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| L/Cpl. Kevin Paige, *SCHP*; Trooper Bucky | ) | |
| Geddings, *SCHP*; L/Cpl. Mark Jennings, | ) | |
| *SCHP*; Agent H. Eric Cohoon, *ATF*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 33), recommending that Defendant Paige's Motion to Dismiss (Dkt. No. 27) be denied. For the reasons stated below, the Court ADOPTS the R & R. Accordingly, Paige's motion is DENIED.

## I. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

1

Here, however, no party has filed objections to the R & R. Thus, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## II. Discussion

Plaintiff alleges that after he was arrested on May 9, 2013, Defendant Paige transported him to Horry County's J. Reuben Long Detention Center (JRLDC), and that at the entrance to JRLDC, Defendant Paige ran into a metal pole. (Dkt. No. 1 at 3). Plaintiff alleges that he suffered neck pain as a result of the collision with the metal pole and essentially alleges that Defendant Paige was deliberately indifferent to his neck injury. (*Id.* at 3-7). He also alleges that Defendant Paige placed him in the front seat, with his hands handcuffed behind his back, and that Defendants Paige refused to allow Plaintiff to use his inhaler. (*Id.* at 3.)

The Court agrees with the Magistrate Judge that, construing these allegations liberally, as the Court must do with a *pro se* complaint, they are sufficient to set forth a plausible claim of deliberate indifference on the part of Defendant Paige. Thus, Paige's motion is denied.

//

//

//

//

//

2

### III. Conclusion

The Court **ADOPTS** the R & R.  Accordingly, Defendant Paige's Motion to Dismiss

(Dkt. No. 27) is **DENIED**.

      **IT IS SO ORDERED**.

Richard Mark Gergel
United States District Judge

May 2, 2014
Charleston, South Carolina