IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jovan Cornelius Simon, # 25282-171, ) | CIVIL ACTION NO. 9:13-3025-RMG-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| L/CPL Kevin Paige, SCHP; Trooper Bucky ) | |
| Geddings, SCHP; L/Cpl Mark Jennings, ) | |
| SCHP; and Agent H. Eric Cohoon, ATF; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Construed liberally, Plaintiff alleges that the named Defendants violated his constitutional rights during the course of his arrest on May 9, 2013.

On February 11, 2014 the Clerk of Court was directed to issue the summons and to forward copies of the summons, the Complaint, and the Forms USM-285 to the United States Marshal for service of process upon several Defendants, including the named Defendant Eric Cohoon. See Court Docket No. 17. On May 5, 2014, the Defendant Cohoon filed a Rule 12 Motion to Dismiss, asserting failure of the Plaintiff to set forth facts sufficient to state causes of action upon which relief can be granted. Defendant Cohoon's motion should be denied.

Plaintiff alleges in his Complaint, as amended, that on May 9, 2013 he was arrested by the Defendant Geddings, who was assisted by Defendants Jennings and Paige. Plaintiff alleges that Paige was asked to transport him to the Horry County Detention Center, and that he was put into



1

Paige's cruiser in the front seat with his hands cuffed behind his back. Plaintiff alleges that he asked the Defendant Paige to allow him to use his inhaler, but his request was denied. Plaintiff further alleges that, while en route to the Detention Center, Paige was texting on his cell phone and as they approached the entrance to the Detention Center, Paige ran into a metal pole. Plaintiff alleges that he suffered a whiplash injury as a result of this incident, but that the Defendant Paige quickly reversed the cruiser away from the pole and drove on into the sally port of the Detention Center, and thereafter hurriedly hustled Plaintiff inside and turned him over to Detention Center staff, ignoring Plaintiff's well being.

    Plaintiff alleges that the Detention Center staff could see he was disoriented, but that when he told them about the collision and that Plaintiff had hurt his neck, Plaintiff was told that he should have said something before Paige left. Plaintiff alleges that he was seen by Detention Center medical staff for his complaints of an injured neck, and was provided Ibuprofen by a nurse. Plaintiff alleges that he was then placed in a holding cell and was told to make a medical request in the morning if his neck still hurt. Plaintiff alleges, however, that the following morning he was transferred into federal custody before he ever got a change to request medical attention. Plaintiff alleges that the federal agent who took him into custody was the Defendant Cohoon, who transported him to the federal building in Florence while he continued to complain about his neck pain. Plaintiff further alleges that, upon arrival at the federal building, he was crying and trying to explain what had happened to him the day before, but that the Defendant Cohoon and another agent just joked and laughed about how they should take him to Dillon County, where they would know how to "take real good care of him . . . .".

    Plaintiff alleges that he then went through the intake process, during which he



continued to complain about his neck injury and pain, but that he was provided no treatment and told that he should instead tell the jail staff about his medical problems when he got there. The Defendant Cohoon then transported him to the Florence County Detention Center in Effingham, and Plaintiff alleges that it was only after his arrival at the Detention Center that he finally received medical attention from the staff at the Detention Center. Plaintiff seeks monetary damages for pain and suffering and for possible future medical treatment, as well as punitive damages.

        Liberally construed, these allegations are sufficient to set forth a plausible claim of deliberate indifference on the part of the Defendant Cohoon, which is all that is necessary at this stage of the proceedings. Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference . . . if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"], quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)[Motion to dismiss can be granted only if the Plaintiff has failed to set forth sufficient factual matters in the Complaint to state a "plausible" claim for relief "on its face"]; see also Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing Harrison v. United Postal Service, 840 F.2d 1149, 1152 (4th Cir. 1988); cf. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) [A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations; rather, the factual allegations must only be enough to raise a right to relief above the speculative level].

        Defendant Cohoon is also not entitled to dismissal at this time on the basis of



qualified immunity, as it was certainly clearly established at the time of the conduct at issue that deliberate indifference to a serious medical condition by a federal law enforcement officer may give rise to liability for a constitutional violation.  Cf. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)[Qualified immunity only shields government officials from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known]; see also Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"].  If the facts and evidence adduced through discovery fail to support a claim for deliberate indifference against this Defendant, then he may file a properly supported Rule 56 motion for summary judgment at that time.

Therefore, it is recommended that the Defendant Cohoon's motion to dismiss be **denied**.[1]

The parties are also referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 5, 2014
Charleston, South Carolina

---

[1] In the event the Court does not adopt this Report and Recommendation, a Roseboro order should be issued prior to entry of any final order dismissing the Defendant. See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

4



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

5

