IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jovan Cornelius Simon, # 25282-171, ) | CIVIL ACTION NO. 9:13-3025-RMG-BM |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| L/CPL Kevin Paige, SCHP; Trooper Bucky ) Geddings, SCHP; L/Cpl Mark Jennings, ) SCHP; and Agent H. Eric Cohoon, ATF; ) | |
| Defendants. ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Construed liberally, Plaintiff alleges that the named Defendants violated his constitutional rights during the course of his arrest on May 9, 2013. In a Report and Recommendation filed April 14, 2014, the undersigned noted in a footnote that, while the allegations of Plaintiff's Complaint could also be liberally construed to have asserted state law tort claims, Plaintiff had failed to name a proper party for asserting such a claim under the South Carolina Tort Claims Act. See S.C.Code Ann. § 15-78-10, et. seq. See Court Docket No. 33, p. 1, n. 1 [Noting that proper party defendant for assertion for a state law tort claim in this case would be the South Carolina Department of Public Safety].

The Defendant Kevin Paige has now filed a motion for judgment on the pleadings, arguing that, to the extent Plaintiff has intended to assert a state law tort claim against him, it is subject to dismissal on the grounds that he is not individually subject to suit for any state law tort claims under the South Carolina Tort Claims Act. In a response filed June 2, 2014, Plaintiff does



1

not dispute that the Defendant Paige is not subject to suit in his individual capacity for a state law tort under the South Carolina Tort Claims Act. See Court Docket No. 51.

Therefore, based on the foregoing, it is recommended that the Defendant Paige's motion for judgment on the pleadings be **granted,** and that to the extent Plaintiff has asserted a state law tort claim against Paige in his individual capacity, that such claim be **dismissed**.

The parties are also referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 10, 2014
Charleston, South Carolina

2



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

