IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jovan Cornelius Simon, | ) |
| | ) |
| Plaintiff, | ) No. 9:13-cv-3025-RMG- |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| L/Cpl. Kevin Paige, *SCHP*; Trooper Bucky Geddings, *SCHP*; L/Cpl. Mark Jennings, *SCHP*; Agent H. Eric Cohoon, *ATF*, | ) ) ) ) |
| Defendants. | ) ) |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge, (Dkt. No. 53), recommending that Defendant Cohoon's Motion to Dismiss, (Dkt. No.42), be denied. For the reasons stated below, the Court ADOPTS the R & R. Accordingly, Cohoon's motion is DENIED.

### I. Facts[1]

After Plaintiff was arrested on May 9, 2013, Defendant Paige transported him to Horry County's J. Reuben Long Detention Center (JRLDC), and at the entrance to JRLDC, Defendant Paige ran into a metal pole while texting on his cell phone. (Dkt. No. 1 at 3, 7). Plaintiff suffered neck pain as a result of the collision with the metal pole and essentially alleges that Defendant Paige was deliberately indifferent to his neck injury. (*Id.* at 3). JRLDC staff observed that Plaintiff was disoriented and verified Plaintiff's statement about what had happened by

---

[1] For the purposes of this motion to dismiss, the Court assumes the facts alleged in the Complaint are true, construes the facts in Plaintiff's favor and draws all inferences in Plaintiff's favor.

1

reviewing video; Plaintiff was seen by a nurse who gave him ibuprofen. (*Id.* at 3-4). The ibuprofen "was doing very little" for Plaintiff's pain and Plaintiff had difficulty resting; JRLDC staff told him that he could make a medical request the next morning if the pain persisted. (*Id.* at 4).

The next morning, before Plaintiff had an opportunity to make a medical request, Agent Cohoon took custody of Plaintiff and transported him to the McMillan Federal Building ("McMillan"). (*Id.* at 5). Plaintiff continued to complain about his neck pain. (*Id.* at 5). At McMillan, Plaintiff "was in tears trying to explain what had happened to me the day before," and Defendant Cohoon and another agent "made jokes saying, 'Let's take him to Dillon County, they'll take real good care of him there' and laughed." (*Id.* at 5). Plaintiff was placed in a holding cell, later went through an intake process, and then was transported by Agent Cohoon to the Florence County Detention Center (FCDC). (Dkt. No. 1 at 6). After arriving at FCDC, Plaintiff was seen by the Center's medical staff. (*Id.* at 6).

The Magistrate Judge found that, "[l]iberally construed, these allegations are sufficient to set forth a plausible claim of deliberate indifference on the part of Defendant Cohoon" and that Defendant Cohoon was not entitled to dismissal on qualified immunity grounds because "it was certainly clearly established at the time of the conduct at issue that deliberate indifference to a serious medical condition by a federal law enforcement office may give rise to liability for a constitutional claim." (Dkt. No. 53 at 3-4). Defendant Cohoon objects to both findings by the Magistrate Judge. (Dkt. No. 63).

2

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

*Pro se* complaints are construed liberally to allow the development of meritorious claims and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view *pro se* complaints does not transform the court into an advocate.").

## III. Discussion

### A. Serious Medical Need

Cohoon first argues that Plaintiff has not alleged facts to show a serious medical need. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Cohoon is correct that Plaintiff has

3

not alleged a diagnosis by a physician. However, drawing all inferences in favor of Plaintiff as the Court must do, even a lay person would recognize the need for a doctor's attention when a person complains of a neck injury sustained in an car accident. This is enough to survive a motion to dismiss. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) ("[W]hen [a Rule 12(b)(6)] dismissal involves a civil rights complaint, we must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.") (internal quotes omitted).

### B. Deliberate Indifference

Deliberate indifference "entails something more than mere negligence" but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). It is met where an officer "knows of and disregards the risk posed by the serious medical needs of the inmate." *Shreve*, 535 F.3d at 241.

Cohoon claims that Plaintiff does not allege he informed Cohoon of his injuries while in transport and that, therefore, Plaintiff has not alleged Cohoon had any personal involvement. (Dkt. No. 63 at 5-7). Plaintiff's allegation is that "Agent Cohoon transported me to the McMillan Federal Building in Florence, SC, where I continued to make complaints about my neck." (Dkt. No. 1 at 5). This allegation could be read, as Cohoon reads it, to allege that Plaintiff did not make allegations until he after arrived at McMillian. However, a *pro se* complaint must be liberally construed "however inartfully pleaded." *Pardus*, 551 U.S. at 94. Doing so, this allegation could also be read to allege that Plaintiff made complaints while in

4

transport as well. Furthermore, it is clear from Plaintiff's allegations that Cohoon knew of Plaintiff's complaints as Cohoon joked with another agent about them. (Dkt. No. 1 at 5). Therefore, Cohoon's objection that he was not personally involved is overruled.[2]

Next, Cohoon argues that the delay in Plaintiff's receipt of medical attention does not amount to a constitutional violation. (Dkt. No. 63 at 8). "[M]ere delay or interference [with medical care] can be sufficient to constitute a [constitutional violation]." *Smith v. Smith*, 589 F.3d 736, 739 (4th Cir. 2009) (reversing district court's Rule 12(b)(6) dismissal); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (holding that "intentionally denying or delaying access to medical care" constitutes deliberate indifference). Even if a "modest" delay may not constitute a constitutional violation in certain circumstances, it is not clear from the Complaint how long the delay was. Furthermore, the amount of delay that is constitutionally allowable depends on the severity of the injury. *See Cooper v. Dyke*, 814 F.2d 941, 945-46 (4th Cir.1987) (pretrial detainee raised jury question on deliberate indifference claim, where he presented medical evidence that his physical symptoms made it obvious that his wound required immediate medical attention). Drawing all inferences in Plaintiff's favor, Plaintiff had a serious neck injury following a car accident that may have required immediate attention. Therefore, dismissal at this stage is inappropriate.

### C. Qualified Immunity

Officials "violate the civil rights of inmates when they display 'deliberate indifference to serious medical needs.'" *Gordon v. Kidd*, 971 F.2d 1087, 1094 (4th Cir. 1992) (quoting *Estell*,

---

[2] Cohoon also argues that verbal harassment or abusive language does not rise to the level of a constitutional violation. However, Plaintiff is not alleging verbal harassment but deliberate indifference to a serious medical need.

5

429 U.S. 97 (1976)). "This right is 'clearly established.'" *Id.* Plaintiff is correct that whether a right is clearly established "must be under taken in light of the specific context of the case." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). However, "the very action in question" need not have been previously held unlawful; rather, the unlawfulness of the action must be apparent "in the light of pre-existing law." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). In other words, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Brosseau*, 543 U.S. at 199.

The Court finds that it is a violation of clearly established law to deny medical treatment to a person who sustained a serious neck injury in a car accident. Cohoon does not appear to contest this finding but argues that he is entitled to qualified immunity because "Plaintiff's alleged neck injury was not apparent to Defendant Cohoon and, based on medical staff treating the injury solely with ibuprofen or Motrin, was not serious." (Dkt. No. 63 at 10). Such arguments may be raised on summary judgment but do not help Plaintiff here.

To the extent Cohoon argues that Plaintiff's alleged neck injury was not apparent to him, this is a fact outside of the Complaint and, thus, not considered on this motion. *See Smith*, 589 F.3d at 740 ("Because the court was evaluating a motion to dismiss, it should not have looked beyond his complaint in determining whether or not Smith stated a claim under the Eighth Amendment."). Similarly, drawing an inference against Plaintiff (namely, that the injury was not serious because a nurse treated it by giving him ibuprofen) is not appropriate on a motion to dismiss. *See id.* ("[T]he district court incorrectly drew an inference against [plaintiff] in finding that his refusal to receive treatment on June 13 illustrates that Nurse Smith did not deny him care.").

## IV. Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R, (Dkt. No. 53).

Accordingly, Cohoon's Motion to Dismiss, (Dkt. No. 42), is **DENIED**.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

June 27, 2014
Charleston, South Carolina