IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
CLERK, CHARLESTON, SC

2015 MAR 13 ⏚ 1: 35

| | | |
|---|---|---|
| Jovan Cornelius Simon, # 25282-171, | ) | C/A No.: 9:13-3025-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| L/CPL Kevin Paige, SCHP; Trooper Bucky | ) | |
| Geddings, SCHP; L/Cpl Mark Jennings, SCHP; and | ) | |
| Agent H. Eric Cohoon, ATF; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the
Magistrate Judge, (Dkt. No. 97), recommending that the Court grant Defendants' motions for
summary judgment (Dkt. Nos. 84, 90) as to Plaintiff's federal claims and decline jurisdiction
over Plaintiff's state claims. For the reasons set forth below, the Court agrees with and ADOPTS
the R & R as an order of this Court. Accordingly, Defendants' motions are GRANTED as to
Plaintiff's federal claims, and this case is DISMISSED.

## I. Background[1]

Plaintiff alleges in his verified Complaint that after Defendant Geddings arrested him,
Defendant Page improperly placed Plaintiff in the front seat of Page's cruiser with his hands
cuffed behind his back while Defendants Geddings and Jennings looked on; that while
transporting Plaintiff, Defendant Page ran into a metal pole and Plaintiff hurt his neck; and that
the remaining Defendants were indifferent to his neck pain. The Magistrate Judge recommended
granting summary judgment on Plaintiff's federal claims because Plaintiff has failed to put

---

[1] The facts are laid out in detail in the R & R adopted by the Court. (Dkt. No. 97 at 3-10).
Therefore, the Court does not recount them again here but only provides a summary.

forward evidence that he suffered a serious injury or that Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety. (Dkt. No. 97). Plaintiff has filed objections to the R & R. (Dkt. No. 99).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); accord Fed. R. Civ. P. 72(b).

### B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only material facts–those "that might affect the outcome of the suit under the governing law"–will preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine, "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Thus, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Id.* at 252.

At the summary judgment stage, the court must "construe the evidence, and all reasonable inferences that may be drawn from such evidence, in the light most favorable to the nonmoving party." *Dash v. Mayweather*, 731 F.3d 303, 310 (4th Cir. 2013). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Id.* at 311.

### III. Discussion

Because Plaintiff is a pretrial detainee, the Fourteenth Amendment, rather than the Eighth Amendment, governs his claim. *Ervin v. Mangum*, 127 F.3d 1099 (4th Cir. 1997). However, the same deliberate indifference standard applies. *Id.*

**A. Failure to Protect Claim**

To establish a claim for failure to protect, a plaintiff must show: (1) serious or significant physical or emotional injury and (2) that officials exhibited deliberate indifference to plaintiff's health or safety. *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). To be deliberately indifferent, a prison official must "know of and disregard an objectively serious ... risk of harm." *Id.* A showing of mere negligence does not qualify as deliberate indifference. *Bacchus v. Scarborough*, 466 F. App'x 269, 271 (4th Cir. 2012).

Here, Plaintiff alleged that Defendants Geddings, Jennings and Page were deliberately indifferent to his safety because Defendant Page placed him in the front seat of his cruiser with his hands cuffed behind his back in violation of South Carolina Department of Public Safety (SCDPS) policy. (Dkt. No. 1 at 3; Dkt. No. 28). However, Plaintiff lacks personal knowledge of SCDPS policy, and Defendants have submitted the applicable SCDPS policy, which shows Defendant Page transported Plaintiff exactly how he was supposed to pursuant to that policy. (Dkt. No. 84-2). Plaintiff, forced to concede this point, speculates in his objections to the R & R

that "the policy may have been violated in other aspects." (Dkt. No. 99 at 4-5). Such speculation is insufficient to survive summary judgment. Plaintiff has put forward no evidence that Defendants knew of an objectively serious risk of harm to Plaintiff from the manner in which it was transported. Therefore, summary judgment is appropriate.

**B. Medical Indifference Claim**

Plaintiff must put forward evidence that Defendants were deliberately indifferent to a serious medical need. *E.g., Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). The deliberate indifference prong is met where an officer "knows of and disregards the risk posed by the serious medical needs of the inmate." *Id.*

Plaintiff has failed to put forward evidence that any of the defendants were deliberately indifferent to a serious medical need. Plaintiff is correct that his verified complaint is competent evidence and can defeat summary judgment where it creates an issue of fact. (*See* Dkt. No. 99 at 3-4). However, Plaintiff's allegations, taken as true, do not show any deliberate indifference. Taken in the view most favorable to Plaintiff, Plaintiff told Defendants that his "neck was hurting," Plaintiff was then seen by a nurse at both the Horry County Detention Center and at the Florence County Detention Center, and, in both instances, Plaintiff was given ibuprofen and told he would be seen again if his neck continued to hurt. (Dkt. No. 1 at 4, 6). Each time Plaintiff submitted a medical request form, he was seen by medical personnel. (*Id.* at 6-7). Similarly, when staff heard Plaintiff's wheezing, they "immediately gave me a breathing treatment." (*Id.* at 6). Plaintiff has simply failed to present any evidence of deliberate indifference. Therefore, summary judgment is appropriate.

## C. Rule 56(d)

In his objections, Plaintiff also asks for additional time for discovery under Rule 56(d). (Dkt. No. 99 at 2-3). However, "[n]on-movants must generally file an affidavit or declaration before they can succeed on a 56(d) motion, or if not, non-movants must put the district court on notice as to which specific facts are yet to be discovered." *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 484 (4th Cir. 2014). Plaintiff has not has not explained what facts he could discover with additional time. Therefore, his motion must fail.

Furthermore, "nonmovants do not qualify for Rule 56(d) protection where they had the opportunity to discover evidence but chose not to." *Id.* Plaintiff states that he submitted pleadings to the court requesting discovery. (Dkt. No. 99 at 2-3). However, the record reveals that he filed a motion to compel *after* the close of discovery. (Dkt. No. 87); *see also* Local Rule 26.04, D.S.C. This case was filed in November of 2013. (Dkt. No. 1). However, it appears Plaintiff never requested discovery until over a year later on December 1, 2014. (Dkt. No. 87, 89). Rule 56(d) relief is not warranted under these circumstances, where Plaintiff did not seek any discovery until after the discovery deadline. Therefore, his motion must fail for this reason as well.

### IV. Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R (Dkt. No. 97) in full. Accordingly, Defendants' motions for summary judgment (Dkt. Nos. 84, 90) are **GRANTED** as to Plaintiff's federal claims, the Court declines jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c)(3), and this case is **DISMISSED**.

//

//

**AND IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Court Judge

March ⟨13⟩, 2015
Charleston, South Carolina